UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMEERA BREWER AND
AMNESTY DAILEY-MCBRIDE,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.                                                          Case No. 8:23-cv-2828-TPB-TGW

CHAPTERS HEALTH SYSTEM, INC.
and GOOD SHEPHARD HOSPICE, INC.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on the "Motion to Dismiss and Incorporated Memorandum of Law" filed by Defendants Chapters Health System, Inc. and Good Shephard Hospice, Inc., on January 17, 2024. (Doc. 12). On February 7, 2024, Plaintiffs Ameera Brewer and Amnesty Dailey-McBride filed a response in opposition. (Doc. 16). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**<u>Background</u>**[1]

This action is brought by two African-American nurses against their employer based on the employer honoring race-based requests by patients for nurses.  Defendant Good Shephard Hospice, Inc. is a company that provides medical services, including in-home care, to elderly and disabled patients.  Defendant Chapters Health System, Inc. is the parent company of Good Shephard Hospice, Inc.  Plaintiff Ameera Brewer previously worked for Defendants as a registered nurse, and Plaintiff Amnesty Dailey-McBride still works for Defendants as a registered nurse.  Both plaintiffs are African-American.

As early as 2019, Plaintiffs allege that some of Defendants' clients requested "Caucasian Only" nurses to be sent to their homes.  Defendants honored those requests and issued written call sheets to staff detailing whether a patient wanted a Caucasian nurse.  If no Caucasian nurses were available, different Caucasian nurses would be called in.  Plaintiffs allege they were bypassed on nursing assignments because of their race, and that they suffered "frequent, if not daily humiliation" due to this discriminatory conduct.  Despite complaints to the Equal Employment Opportunity Commission, Plaintiffs allege that Defendants continued to request "Caucasian Only" nurses as late as May of 2022.

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").  The Court is not required to accept as true any legal conclusions couched as factual allegations.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

On December 11, 2023, Plaintiffs filed the instant lawsuit, asserting two claims for relief: race-based discrimination under the Florida Civil Rights Act ("FCRA") (Count I) and race-based discrimination under Title VII (Count II).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

## Analysis

Title VII prohibits an employer from discriminating against individuals with respect to compensation, terms, conditions, or privileges of employment because of their race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). FCRA discrimination claims are analyzed under the same framework as Title VII discrimination claims. *Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253, 1271 (11th Cir. 2010). Prohibited discrimination includes taking tangible adverse employment actions, such as hiring, firing, and promotion. *See, e.g., Carter v. Cellco P'ship*, No. 8:15-cv-1033-T-17EAJ, 2016 WL 8981056, at *4 (M.D. Fla. Mar. 23, 2016). Although a plaintiff does not need to plead a prima facie case to survive a motion to dismiss, she must allege sufficient facts to plausibly suggest intentional discrimination. *See, e.g., Swierkiewiz v. Sorema N.A.,* 534 U.S. 506, 510-11 (2002); *Booth v. City of Roswell*, 754 F. App'x 834, 836-37 (11th Cir. 2018).

Defendants argue that Plaintiffs fail to sufficiently state any racial discrimination claims because the conduct and actions complained of do not constitute adverse employment actions. Plaintiffs' claims require an adverse employment action. *See Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220-21 (11th Cir. 2019) (*en banc*) (explaining that adverse employment action is required to make out a prima facie case of racial discrimination); *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003) (*per curiam*) (same).

It is true that not every unpleasantry or trivial slight associated with the workplace constitutes an "adverse employment action." *Grimsley v. Marshalls of*

*MA, Inc.*, No. 1:05-CV-3252-TCB, 2007 WL 9710142, at *3 (N.D. Ga. Sept. 28, 2007), *aff'd*, 284 F. App'x 604 (11th Cir. 2008) (quoting *Davis v. Town of Lake Park*, 245 F.3d 1232, 1244-45 (11th Cir. 2001)); *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 583 (11th Cir. 2000) ("Title VII, as it has been aptly observed, is not a 'general civility code.'"). An adverse employment action requires either an ultimate employment decision, such as hiring or firing, or other conduct that constitutes a serious and material change in the terms, conditions, or privileges of employment. *See Davis*, 245 F.3d at 1238-39. Conduct that does not rise to the level of an ultimate employment decision must still meet a threshold level of substantiality, going beyond the "ordinary tribulations of the workplace." *Id.* at 1239 (internal quotation omitted). The employee's subjective view of the employer's action is not controlling; the action must be materially adverse as viewed by a reasonable person under the circumstances. *Id.* at 1239-40.

At this stage of the proceedings, the Court assumes that all factual statements are true, including Plaintiffs' allegations that they were passed over for various work assignments due to Defendants' policy of honoring patients' race-based preference requests, and that the race-based requests "financially affected" them. Although these allegations ultimately may not survive the threshold for adverse employment actions at summary judgment or at trial, the Court would be moving too quickly too soon it were to dismiss the claims at this time.[2] *See Green v. City of*

---

[2] The Court notes that although Plaintiffs have not specifically alleged that the race-based assignments caused them to be assigned less than a full schedule or otherwise affected their wages or bonus eligibility, such specific allegations are not required under Federal Rule of Civil Procedure 8, which requires only notice pleading.

*Tarrant*, No. 2:09-cv-402-JHH, 2009 WL 10688414, at *5 (N.D. Ala. Sept. 3, 2009) (denying motion to dismiss although allegations seemed unlikely to survive "*Davis* threshold for adversity."). These claims require discovery. The motion to dismiss is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendants' "Motion to Dismiss and Incorporated Memorandum of Law" (Doc. 12) is **DENIED**.

2. Defendants are directed to file an answer on or before April 25, 2024.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of April, 2024.

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**